**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Melanie T. Partow, Esq. (SBN 254843)
mpartow@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA  91367
Telephone:   (818) 347-3333
Facsimile:    (818) 347-4118

**RAFII & ASSOCIATES, P.C.**
Daniel J. Rafii, Esq. (SBN 244174)
Daniel@rafiilaw.com
10100 Santa Monica Blvd, Suite 300
Los Angeles, CA 90067
Phone: (310) 651-9926
Facsimile: (310) 651-9927

Attorneys for *Plaintiffs*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| | Case No. |
| MICHAEL JAMES DELUCA, individually, and as successor in interest to Michael M. DeLuca, deceased; and VINCENT PETER DELUCA, individually, and successor in interest to Michael M. DeLuca, deceased;<br><br>                              Plaintiffs,<br><br>        vs.<br><br>ROBIN MATLOCK, an individual; and CHRISTOPHER GRAHAM, an individual; and DOES 1-10, inclusive,<br><br>                              Defendants. | **COMPLAINT FOR DAMAGES**<br><br>1. Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)<br>2. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)<br>3. Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)<br>4. Substantive Due Process—(42 U.S.C. § 1983)<br><br>**DEMAND FOR JURY TRIAL** |

-1-

## COMPLAINT FOR DAMAGES

Michael James De Luca, individually and as a successor in interest to Deceased; and Vincent Peter De Luca, individually and as successor in interest to Deceased; for their Complaint against Defendants ROBIN MATLOCK, CHRISTOPHER GRAHAM, and DOES 1-10, inclusive, allege as follows:

## INTRODUCTION

1.      This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal police shooting of Plaintiffs' father,  Michael M. De Luca ("DECEDENT"), on September 6, 2013.

2.      Defendants ROBIN MATLOCK, CHRISTOPHER GRAHAM and DOES 1-5 ("DOE OFFICERS") proximately caused DECEDENT's and Plaintiffs' injuries by firing the shots that killed DECEDENT, by integrally participating or failing to intervene in the shooting, and by engaging in other acts and/ or omissions around the time of the shooting that resulted in his death. Defendants ROBIN MATLOCK, CHRISTOPHER GRAHAM and DOE OFFICERS are directly liable for Plaintiffs' injuries under federal law pursuant to 42 U.S.C. § 1983.

## PARTIES

3.      At all relevant times, decedent Michael M. De Luca was an individual residing in the County of Ventura, California.

4.      Plaintiff Michael James De Luca is an individual residing in the county of Los Angeles and is the natural born child of DECEDENT. Michael James De Luca sues in his individual capacity as the child of DECEDENT and as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60 (a). Michael James De Luca seeks both survival and wrongful death damages under federal and state law.

5.      Plaintiff Vincent Peter De Luca is an individual residing in the county of Los Angeles and is the natural born child of DECEDENT. Michael James De Luca sues in his individual capacity as the child of DECEDENT and as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60 (a). Vincent Peter De Luca seeks both survival and wrongful death damages under federal and state law.

6.      Defendants ROBIN MATLOCK, CHRISTOPHER GRAHAM and DOE OFFICERS are officers for the CITY OF PORT HUENEME POLICE DEPARTMENT ("PHPD"). ROBIN MATLOCK, CHRISTOPHER GRAHAM and DOE OFFICERS were acting under color of law within the course and scope of their duties as officers for the PHPD. ROBIN MATLOCK, CHRISTOPHER GRAHAM and DOE OFFICERS were acting with the complete authority and ratification of their principal, Defendant CITY.

7.      On information and belief, ROBIN MATLOCK, CHRISTOPHER GRAHAM and DOES 1-10 were residents of the County of Ventura at all times relevant to the incident underlying this Complaint.

8.      In doing the acts and failing and omitting to act as hereinafter described, Defendants ROBIN MATLOCK, CHRISTOPHER GRAHAM and DOES 1-10 were acting on the implied and actual permission and consent of the CITY.

9.      The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1-10, inclusive, are unknown to Plaintiffs, who otherwise sue these Defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained. Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

COMPLAINT FOR DAMAGES

10.    At all times mentioned herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant.

11.    All of the acts complained of herein by Plaintiffs against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and its agents ratified all of the acts complained of herein.

12.    All Defendants who are natural persons, including DOES 1-10, are sued individually and/or in his/her official capacity as officers, sergeants, captains, commanders, supervisors, and/or civilian employees, agents, policy makers, and representatives for the PHPD.

13.    Michael M. De Luca died as a direct and proximate result of the actions of Defendants ROBIN MATLOCK, CHRISTOPHER GRAHAM and DOE OFFICERS. Defendants ROBIN MATLOCK, CHRISTOPHER GRAHAM and DOE OFFICERS are directly liable for Plaintiffs' injuries under federal law pursuant to 42 U.S.C. § 1983.

## JURISDICTION AND VENUE

14.    This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution.  Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

15.    Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the County of Ventura, California.

COMPLAINT FOR DAMAGES

1

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

2   16.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1

3   through 15 of this Complaint with the same force and effect as if fully set forth

4   herein.

5   17.    DECEDENT Michael M. De Luca sustained injuries, including but not

6   limited to pain and suffering, loss of enjoyment of life, and death when he was shot

7   by ROBIN MATLOCK and CHRISTOPHER GRAHAM, on-duty officers for the

8   PHPD who were acting under color of law and as employees of the PHPD.

9   Defendants ROBIN MATLOCK, CHRISTOPHER GRAHAM and DOES 1-10,

10   inclusive, integrally participated in or failed to intervene in the shooting.

11   18.    On September 6, 2013 at approximately 4:00 a.m, Defendants ROBIN

12   MATLOCK, CHRISTOPHER GRAHAM and DOE OFFICERS observed

13   DECEDENT in his vehicle parked in a parking lot at Hueneme Beach Park.

14   19.    Defendants ROBIN MATLOCK, CHRISTOPHER GRAHAM and

15   DOE OFFICERS approached DECEDENT in his vehicle and without provocation

16   or justification, fired a number of shots at DECEDENT fatally wounding him. Upon

17   information and belief DECEDENT was unarmed at all times.

18   20.    Upon information and belief, after being shot, DECEDENT was

19   immobile, bleeding profusely, and in obvious and critical need of emergency

20   medical care and treatment. Defendants did not timely summon medical care or

21   permit medical personnel to treat DECEDENT. The delay of medical care to

22   DECEDENT caused DECEDENT extreme physical and emotional pain and

23   suffering, and was a contributing cause of DECEDENT's death.

24   21.    The use of deadly force against DECEDENT was excessive and

25   objectively unreasonable under the circumstances, especially because DECEDENT

26   did not pose an immediate threat of death or serious bodily injury to anyone at the

27   time of the shooting.

28

COMPLAINT FOR DAMAGES

22.     Plaintiffs Michael James De Luca and Vincent M. De Luca are DECEDENT's successors in interest as defined in Section 377.11 of the California Code of Civil Procedure and succeed to DECEDENT's interest in this action as the biological children of DECEDENT.

## FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)**

(Against Defendants ROBIN MATLOCK, CHRISTOPHER GRAHAM and DOE OFFICERS)

23.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 22 of this Complaint with the same force and effect as if fully set forth herein.

24.     When Defendants ROBIN MATLOCK, CHRISTOPHER GRAHAM and DOE OFFICERS shot DECEDENT, they violated DECEDENT's right to be secure in his person against unreasonable searches and seizures as guaranteed to the DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

25.     Defendants ROBIN MATLOCK, CHRISTOPHER GRAHAM and DOE OFFICERS detained DECEDENT without reasonable suspicion and arrested him without probable cause.

26.     The conduct of Defendants ROBIN MATLOCK, CHRISTOPHER GRAHAM and DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants ROBIN MATLOCK, CHRISTOPHER GRAHAM and DOE OFFICERS.

27.     As a result of their misconduct, Defendants ROBIN MATLOCK, CHRISTOPHER GRAHAM and DOE OFFICERS are liable for DECEDENT's

COMPLAINT FOR DAMAGES

1  injuries, either because they were integral participants in the wrongful detention and
2  arrest, or because they failed to intervene to prevent these violations.

3      28.     Michael James De Luca and Vincent Peter De Luca bring this claim in
4  each case as successor-in-interest to the DECEDENT, and in each case seek both
5  survival and wrongful death damages for the violation of DECEDENT's rights.

6      29.     Plaintiffs also seek attorney fees under this claim.

7

8                          **SECOND CLAIM FOR RELIEF**

9      **Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

10     (Against Defendants ROBIN MATLOCK, CHRISTOPHER GRAHAM and DOE
11                                    OFFICERS)

12     30.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1
13  through 29 of this Complaint with the same force and effect as if fully set forth
14  herein.

15     31.     The unjustified shooting by ROBIN MATLOCK, CHRISTOPHER
16  GRAHAM and DOES 1-10 deprived DECEDENT of his right to be secure in his
17  person against unreasonable searches and seizures as guaranteed to DECEDENT
18  under the Fourth Amendment to the United States Constitution and applied to state
19  actors by the Fourteenth Amendment.

20     32.     The shooting was excessive and unreasonable, especially because
21  DECEDENT posed no immediate threat of death or serious bodily injury at the time
22  of the shooting.

23     33.     As a result, DECEDENT suffered extreme pain and suffering and
24  eventually suffered a loss of life and of earning capacity.

25     34.     Defendants ROBIN MATLOCK, CHRISTOPHER GRAHAM and
26  DOE OFFICERS' shooting and use of force violated their training.

27     35.     As a result of their misconduct, Defendants ROBIN MATLOCK,
28  CHRISTOPHER GRAHAM and DOE OFFICERS are liable for DECEDENT's

-7-

1  injuries, either because they were integral participants in the wrongful detention and

2  arrest, or because they failed to intervene to prevent these violations.

3      36.    The conduct of Defendants ROBIN MATLOCK, CHRISTOPHER

4  GRAHAM and DOE OFFICERS was willful, wanton, malicious, and done with

5  reckless disregard for the rights and safety of DECEDENT and therefore warrants

6  the imposition of exemplary and punitive damages as to individual Defendants

7  ROBIN MATLOCK, CHRISTOPHER GRAHAM and DOE OFFICERS.

8      37.    Plaintiffs Michael James De Luca and Vincent Peter De Luca bring

9  this claim in each case as a successor in interest to DECEDENT, and in each case

10  seek both survival and wrongful death damages for the violation of DECEDENT's

11  rights.

12      38.    Plaintiffs claim funeral and burial expenses and a loss of financial

13  support. Plaintiffs also seek attorney fees under this claim.

14

15                    **THIRD CLAIM FOR RELIEF**

16  **Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

17    (Against Defendants ROBIN MATLOCK, CHRISTOPHER GRAHAM and DOE

18                             OFFICERS)

19      39.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1

20  through 38 of this Complaint with the same force and effect as if fully set forth

21  herein.

22      40.    The denial of medical care by Defendants ROBIN MATLOCK,

23  CHRISTOPHER GRAHAM and DOE OFFICERS deprived DECEDENT of his

24  right to be secure in his person against unreasonable searches and seizures as

25  guaranteed to DECEDENT under the Fourth Amendment to the United States

26  Constitution and applied to state actors by the Fourteenth Amendment.

27      41.    As a result, DECEDENT suffered extreme pain and suffering and

28  eventually suffered a loss of life and earning capacity.  Plaintiffs have also been

-8-

deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

42. Defendants ROBIN MATLOCK, CHRISTOPHER GRAHAM and DOE OFFICERS knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

43. The conduct of ROBIN MATLOCK, CHRISTOPHER GRAHAM and DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants ROBIN MATLOCK, CHRISTOPHER GRAHAM and DOE OFFICERS.

44. As a result of their misconduct, Defendants ROBIN MATLOCK, CHRISTOPHER GRAHAM and DOE OFFICERS are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

45. Plaintiffs Michael James De Luca and Vincent Peter De Luca bring this claim in each case as a successor-in-interest to DECEDENT, and in each case seek both survival and wrongful death damages for the violation of DECEDENT's rights.

46. Plaintiffs also seek attorney fees under this claim.

COMPLAINT FOR DAMAGES

**FOURTH CLAIM FOR RELIEF**

**Substantive Due Process (42 U.S.C. § 1983)**

(Against Defendants ROBIN MATLOCK, CHRISTOPHER GRAHAM and DOE OFFICERS)

47.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 46 of this Complaint with the same force and effect as if fully set forth herein.

48.     Michael James De Luca has a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff's familial relationship with his father, DECEDENT.

49.     Vincent Peter De Luca had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff's familial relationship with her father, DECEDENT.

50.     The aforementioned actions of ROBIN MATLOCK, CHRISTOPHER GRAHAM and DOE OFFICERS, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs, and with purpose to harm unrelated to any legitimate law enforcement objective.

51.     ROBIN MATLOCK, CHRISTOPHER GRAHAM and DOE OFFICERS thus violated the substantive due process rights of Plaintiffs to be free from unwarranted interference with their familial relationship with DECEDENT.

52.     As a direct and proximate cause of the acts of ROBIN MATLOCK, CHRISTOPHER GRAHAM and DOE OFFICERS, DECEDENT experienced severe pain and suffering and lost his life and earning capacity.

53.     Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

54.     The conduct of ROBIN MATLOCK, CHRISTOPHER GRAHAM and DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendants ROBIN MATLOCK, CHRISTOPHER GRAHAM and DOE OFFICERS.

55.     Plaintiffs Michael James De Luca and Vincent Peter De Luca bring this claim in each case individually and as a successor-in-interest to DECEDENT, and in each case seek both survival and wrongful death damages for the violation of DECEDENT's rights.

56.     Plaintiffs also seek attorney fees under this claim.

COMPLAINT FOR DAMAGES

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request entry of judgment in their favor and against Defendants Robin Matlock, Christopher Graham, and Does 1-10, inclusive, as follows:

A.  For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;

B.  For funeral and burial expenses, and loss of financial support;

C.  For punitive damages against the individual defendants in an amount to be proven at trial;

D.  For interest;

E.  For reasonable costs of this suit and attorneys' fees; and

F.  For such further other relief as the Court may deem just, proper, and appropriate.

DATED:  October 31, 2014          LAW OFFICES OF DALE K. GALIPO
                                  RAFII & ASSOCIATES


                                  By_____/s Melanie T. Partow_____
                                     Dale K. Galipo
                                     Daniel J. Rafii
                                     Melanie T. Partow
                                     Attorneys for Plaintiffs

-12-

1

## **DEMAND FOR JURY TRIAL**

2

    Plaintiffs hereby demand a trial by jury.

3

4

DATED:  October 31, 2014        LAW OFFICES OF DALE K. GALIPO
                                       RAFII & ASSOCIATES

5

6

7

                             By_____*/s Melanie T. Partow*_____

                                Dale K. Galipo

8

                                  Daniel J. Rafii
                                  Melanie T. Partow

9

                                  Attorneys for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-13-